LESTER et al. v. GRIFFIN.

(Supreme Court, Appellate Term. February 7, 1908.)

**1.** LANDLORD AND TENANT—DISTURBANCE OF POSSESSION OF TENANT BY LAND-
LORD—EVICTION—ACTION FOR DAMAGES BY TENANT—ACTION FOR RENT.

Lessee's lease required him to give three months' notice of intended re-
moval and to allow lessors to enter and show prospective lessees the
premises and at any time visit and examine them. Lessors, less than
three months prior to the expiration of the lease. wrote lessee, requesting
permission to show a prospective lessee the premises, and, receiving no
reply in two days, broke in, put on a new lock, and retained the key.
Lessee removed forthwith. *Held*, that while such breaking, being merely
a trespass, for which lessee might have damages against lessor, would not
justify a refusal to pay rent, yet that the changing of the lock and re-
taining the key operated as an eviction, so that lessor could not recover
for rent subsequently accrued.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and
Tenant, § 765.]

**2.** SAME—EVICTION—ACT OF LANDLORD.

In such a case there was no obligation on lessee to demand possession
of the premises; a refusal to restore not being an essential element of an
eviction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and
Tenant, § 765.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh
District.

Action by William C. Lester and another against Frank J. Griffin.
From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and
GERARD, JJ.

Stanley Holcomb Molleson, for appellants.
George B. Hayes, for respondent.

GERARD, J. The action was brought to recover rent under a writ-
ten lease for an apartment in the Westminster apartment house. The
lease ran from October 1, 1906, to October 1, 1907. The action was
brought to recover the August and September installments of rent.
The rent was payable monthly in advance. The tenant (defendant)
paid the rent in advance for the month of July. The lease contained
the following clause:

"(7) The tenant agrees to give three months' notice of intended removal,
and to permit said landlord or his agent to show the premises to other par-
ties at any reasonable hours of the day, and will allow a notice 'To Let' to be
put thereon three months prior to the expiration of this lease, and will allow
landlord, or his agent, at any time during the term, to visit and examine them
at any reasonable hour of the day, and whenever necessary to have any repairs
to same, or any part of the building."

The plaintiffs are the landlords. On July 18th the plaintiffs' attor-
neys wrote the defendant (tenant), asking him to make an amicable
arrangement for showing the premises, and received no answer by the
next day but one, July 20th, on which date the plaintiffs broke into
the defendant's apartment, which was locked, changed the lock, retained
the key of the new lock, and instructed the superintendent to show

the apartments when he had applications for them. It appears that the apartment was not at that time occupied by the defendant, but his effects were there, and the defendant, as soon as he ascertained that forcible entry had been made in his apartment, removed forthwith. The defense claimed that the tenant had been evicted from the apartment prior to August 1st, and that therefore no action could lie for the rent due in August and September. Plaintiffs claimed they had the right to so enter defendant's apartment because of the provisions of the lease, permitting them three months before the expiration of the lease to show the apartment.

This provision of the lease is quite a common provision in leases in this city. A man's house is his castle, and it does not seem that a fair construction of this clause means that a landlord, when tenant is absent from his apartment, may write him a letter asking him for an arrangement for the showing of the premises, and, if he does not receive a response within two days from the sending of the letter, break into the tenant's apartments at any hour that he chooses. Such breaking, however, would constitute a trespass, which would give the tenant an action for damages, but would not justify him in refusing to pay the rent; but in this case, in addition to breaking into the premises, the landlords changed the lock and retained the key. When they had done this there was no obligation on the tenant to redemand possession of the premises, and there is no necessity for refusal to restore as an element of eviction. Warren v. Wagner, 75 Ala. 188, 51 Am. Rep. 446. The landlords, having excluded the tenant from possession of the premises prior to the time when the August rent accrued, cannot maintain an action for such rent.

Judgment affirmed, with costs. All concur.